IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| In re: ROBIN M.S. LEE,<br><br>   Petitioner,<br>_____ | ) ORDER LIFTING PREFILING REVIEW<br>) ORDER; EXHIBITS 1-3<br>)<br>) MISC. NO. 13-00182 SOM/BMK<br>) |

## ORDER LIFTING PREFILING REVIEW ORDER

On March 20, 2001, the court issued an order directing Petitioner Robin M.S. Lee to show cause why a prefiling review order should not be entered against any pleadings received from him.  *See* Exh. 1, ECF No. 1-1; *see also* Civ. No. 00-00742 SOM, Order, ECF No. 5 ("March 20, 2001 Order").  Lee was not incarcerated at that time.  The March 20, 2001 Order found that Lee had burdened the court with numerous incomprehensible, frivolous, and vexatious pleadings, and that, absent good cause, such an order was required.  On March 27, 2001, after Lee failed to show good cause, the court entered the prefiling review order. *See* Order Imposing Pre-Filing Review Requirement as Set Out in This Court's Order of March 20, 2001 ("Prefiling Order").  *See* Exh. 2, ECF No. 1-2.  The Prefiling Order was to remain in effect until further order of the court, although Lee was granted permission to petition the court to lift the Prefiling Order two years from its date of entry.

Five years later, after Lee was again incarcerated, he petitioned to have the Prefiling Order lifted.  *See* Misc. No. 06-00042 HG, ECF No. 1.  Then-Chief United States District Judge

Helen Gillmor denied Lee's motion on March 28, 2006.  *Id.*, ECF No. 2.  Lee is now incarcerated in the Clark County Detention Center, located in Las Vegas, Nevada, and has recently filed four actions in this court.  *See* Civ. Nos. 13-00467 HG; 13-00468 SOM; 13-00469 LEK; and 13-00472 HG.  *See* Exh. 3, ECF No. 1-3.

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g) in particular, to curb frivolous prisoner complaints and appeals.  *See Silva v. Di Vittorio*, 658 F.3d 1090, 1099-1100 (9th Cir. 2011) (citing *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (stating "[t]he PLRA filing fee provisions were enacted to deter the large number of frivolous inmate lawsuits that were 'clogging' the federal courts and 'draining' limited judicial resources").  Section 1915(g) prohibits prisoners from proceeding without prepayment of fees if they are unsuccessful frequent-filers or have a history of malicious or frivolous litigation:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Congress enacted this statute to "curb meritless lawsuits, but ensure[] that meritorious lawsuits are not swept

2

away in the process." *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (quoting 141 Cong. Rec. S146110-01, S14267 (daily ed. Sept. 29, 1995)) ("As chief sponsor of the PLRA, Senate Judiciary Committee Chairman Orrin Hatch made the following statement: 'I do not want to prevent inmates from raising legitimate claims. This legislation will not prevent those claims from being raised.'").

The PLRA adequately prevents frivolous and vexatious filings from prisoners, while still protecting a prisoner's right to access the courts and challenge his or her sentence and conditions of confinement with meritorious suits.  These particular concerns are not relevant to nonprisoner litigants' filings, in which the court's only recourse is to issue prefiling review orders to curb vexatious litigation.

More than twelve years have passed since the Prefiling Order was entered against Lee; Lee was not a prisoner when the Prefiling Order was entered.  Because Lee is again incarcerated and it is clear that the screening requirements of the PLRA are better suited to evaluate and screen his pleadings than the twelve-year-old Prefiling Order, the Prefiling Order is hereby **LIFTED nunc pro tunc to September 9, 2013**, the date the court received Lee's four new pleadings and his implied requests to lift the Prefiling Order.

Lee is informed that, because he has accrued more than three strikes under § 1915(g) and has been notified of these strikes several times, he may not proceed without complete prepayment of the filing fee in this court absent a colorable allegation of imminent danger of serious physical injury.[1]

## **CONCLUSION**

1. The March 27, 2001 Prefiling Review Order is LIFTED *nunc pro tunc* to September 9, 2013. The Clerk shall file a copy of the March 20, 2001 Prefiling Review Order (Exh. 1) and a copy of the March 27, 2001 Order Imposing Prefiling Review Requirement As Set Out in This Court's Order of March 20, 2001 (Exh. 2) in this miscellaneous action.

2. The Clerk of Court is DIRECTED to enter a copy of the present Order in each of Lee's new actions: Civ. Nos. 13-00467 HG; 13-00468 SOM; 13-00469 LEK; and 13-00472 HG.

3. Lee is NOTIFIED that he has accrued three strikes pursuant to 28 U.S.C. § 1915(g) and may not proceed without

---

[1] Lee has filed at least three prior actions in this court that were dismissed as frivolous or for failure to state a claim. *See Lee v. Lee,*, Civ. No. 98-00380 ACK (D. Haw. 1998); *Lee v. Estate of Lee and U.S. Dist. Ct.*, Civ. No. 99-00370 SOM (D. Haw. 1999); *Lee v. Hawaii Supreme Court*, Civ. No. 00-00520 HG (D. Haw. 2000). The court has notified Lee of these strikes. *See* Order Denying Petition to Lift Pre-filing Review Order, Misc. No. 06-00042 HG, ECF No. 2, PageID #14.

complete prepayment of filing fees without a colorable allegation of imminent danger of serious physical injury.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, September 24, 2013.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        Chief United States District Judge

*In re: Robin M.S. Lee*, Misc. No. 13-00182 SOM/BMK; G:\docs\prose attys\Ords\DMP\2013\RMSLEE lift pre-filing rvw ord.wpd