IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBIN M. LEE, NEV. ID #2854282, | ) ) | CIVIL NO. 13-00472 HG/BMK |
| Plaintiff, | ) ) | ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS |
| vs. | ) ) | PURSUANT TO 28 U.S.C. § 1915(g) |
| WINDWARD COMMUNITY FEDERAL CREDIT UNION, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(g)

Before the court is *pro se* Plaintiff Robin M. Lee's complaint and request for waiver of fees.  Lee is presently incarcerated in the Clark County Detention Center, in Las Vegas, Nevada.  Lee claims Defendant Windward Community Federal Credit Union has maliciously misappropriated funds that he alleges he deposited into a savings account.  Lee's action is DISMISSED without prejudice and his request for waiver of funds, construed as an *in forma pauperis* application is DENIED pursuant to 28 U.S.C. § 1915(g).

## I. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[T]he district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Lee has had at least three cases dismissed in this court that qualify as "strikes" under 28 U.S.C. § 1915(g). *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (stating, "district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g)"). They include:

> (1) *Lee v. Lee*, Civ. No. 98-00209 HG (D. Haw. 1998) (dismissed May 7, 1998, as frivolous and for failure to state a claim);
>
> (2) *Lee v. Haw. Visitors Bureau*, Civ. No. 98-00210 ACK (D. Haw. 1998) (dismissed April 17, 1998, after failing to amend compliant found frivolous and failing to state a claim); and

2

> (3) *Lee v. Lee*, Civ. No. 98-00380 ACK
> (D. Haw. 1997) (dismissed Aug. 7,
> 1998, after failing to amend
> compliant found frivolous and
> failing to state a claim).[1]

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last
visited September 26, 2013).  Lee may not bring a civil action
without complete prepayment of the $400.00 filing fee unless he
is in imminent danger of serious physical injury.
28 U.S.C. § 1915(g).

"[T]he availability of the [imminent danger] exception
turns on the conditions a prisoner faced at the time the
complaint was filed, not some earlier or later time." *Andrews v.
Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[T]he exception
applies if the complaint makes a plausible allegation that the
prisoner faced 'imminent danger of serious physical injury' at
the time of filing." *Id.* at 1055.

Nothing within Lee's Complaint suggests he was in
imminent danger of serious physical injury when he filed this
action, and clearly he was not endangered due to an alleged
mishandling of his savings account depositst.  Lee may not
proceed without prepayment of the civil filing fee.  Lee's
request for waiver of fees is DENIED and his Complaint and action

---

[1] *See also*, *Lee v. Chun*, Civ. No. 98-00219 ACK; *Lee v. City
of Honolulu*, Civ. No. 99-00354 ACK; and *Lee v. Estate of
Plaintiff*, Civ. No. 99-00370 SOM.  The court notified Lee of his
strikes in its March 27, 2001 Order Imposing Prefiling Review.
*See* Misc. No. 06-00042 HG, ECF No. 2-4.

are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

Lee may reassert these claims by filing a new action and

concurrently submitting the entire filing fee.  Any pending

motions are DISMISSED.  The Clerk shall close the

case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, September 27, 2013.



                  /S/ Helen Gillmor

Helen Gillmor
United States District Judge

*Lee v. Windward Cmty. Fed. Credit Union*, 1:13-cv-00472 HG/BMK;
G:\docs\kelly\Orders\Denise\13cv472.Lee v. Windward Comm.Dismissing Action and Denying
IFP.wpd

4